UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

TINA BLUMENTHAL,

Plaintiff,

- against -

RICHARD SCOTT LEFKOWITZ, WALTER EDELSTEIN, JONATHAN BRUCE FISHER, ANDREW ZALESKI, H. ALEXANDER ZALESKI, LEFKOWITZ & EDELSTEIN, PLLC., GROWTECH, LLC, and BREAKWATER ALTERNATIVE TREATMENT CENTER CORP.,

Defendants.

--------------------------------------------------------------------x

Case No.

**COMPLAINT**

Plaintiff, by her attorneys Isaacs & Associates PLLC, as and for her Complaint against Defendants Richard Scott Lefkowitz ("Lefkowitz"), Walter Edelstein ("Edelstein"), Jonathan Bruce Fisher ("Fisher"), Andrew Zaleski ("Andrew"), H. Alexander Zaleski ("Alex")(collectively, "Individual Defendants"), Lefkowitz & Edelstein, PLLC ("law firm of Lefkowitz & Edelstein"), Growtech, LLC. ("Growtech"), and Breakwater Alternative Treatment Center Corp. ("Breakwater")(Growtech and Breakwater, collectively, "Corporate Defendants," all Defendants, collectively, "Defendants"), alleges and sets forth as follows:

## PRELIMINARY STATEMENT

1. On or about November 7, 2014, Plaintiff tendered the sum of $350,000.00 ("the Escrowed Funds") to Defendant Lefkowitz with the understanding that the funds would be deposited into the attorney escrow account maintained by his law firm, Lefkowitz & Edelstein. Plaintiff's intention in entrusting the Escrowed Funds with Lefkowitz was for him to invest that money on her behalf in the Corporate Defendants, entities which were owned and/or operated by the Individual Defendants.[1] Plaintiff was promised an equity interest in the Corporate Defendants in exchange for her investment of the Escrowed Funds. In reality, however, Lefkowitz had no intention of investing the Escrowed Funds in the Corporate Defendants on

[1] A copy of the document signed by Lefkowitz memorializing the foregoing is annexed hereto as Exhibit "A".

Plaintiff's behalf. Instead, Lefkowitz's intention, with the knowledge and participation of all Individual Defendants, was to withdraw the Escrowed Funds from Lefkowitz & Edelstein's escrow account in order to use for their own benefit. Realizing that her Escrowed Funds had not been invested in the Corporate Defendants, Plaintiff demanded that the law firm of Lefkowitz & Edelstein return her Escrowed Funds. Instead of returning the Escrowed Funds to Plaintiff, attorneys of (or acting on behalf of) the law firm of Lefkowitz & Edelstein re-characterized the deposit of the Escrowed Funds as being a "loan" that Plaintiff made to Lefkowitz that would have to be repaid over a period of years as the Escrowed Funds had been withdrawn from escrow and given to Lefkowitz. Prior to this communication, Plaintiff had no knowledge of, and did not consent to, the withdrawal of her money from Lefkowitz & Edelstein's escrow account, nor did she ever agree to make Lefkowitz a loan. Plaintiff has been scammed.

2. This action seeks actual damages and punitive damages, in connection with violations of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77(l)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], and New York common law.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C § 1331.

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

5. In connection with the conduct alleged in this complaint, the Defendants, directly or indirectly, have made use of the means or instruments of transportation or communication in, and the means or instrumentalities of, interstate commerce, or of United States mail and emails, or of the facilities of a national securities exchange.

## PARTIES

6. Plaintiff is an adult individual and citizen of the state of Texas.

7. Defendant Lefkowitz is an attorney admitted to practice law in the State of New York and is a citizen of the state of New York.

8. Defendant Edelstein is an attorney admitted to practice law in the State of New York and is a citizen of the state of New York.

9. At all times relevant hereto, both Lefkowitz and Edelstein were partners in the law firm of Lefkowitz & Edelstein, which currently has an office at 1350 Avenue of the Americas, Fl. 2, New York, NY 10019.

10. Defendant Fisher is an attorney admitted to practice law in the State of New York and is a citizen of the state of New York. Fisher works out of the same office as Lefkowitz & Edelstein, or 1350 Avenue of the Americas, Fl. 2, New York, NY 10019.

11. Upon information and belief, Fisher is an associate of, or partner in, the law firm of Lefkowitz & Edelstein.

12. Defendant Growtech is a New Jersey limited liability company. It maintains a business address at 2 Corporate Dr., Cranbury Township, NJ 08512.

13. Defendant Breakwater is a corporation incorporated in the State of New Jersey. It too maintains a business address at 2 Corporate Dr., Cranbury Township, NJ 08512.

14. Breakwater is in the business of growing and dispensing medical marijuana.

15. Growtech performs various functions for Breakwater, and the two entities are inter-related.

16. Defendant Andrew is a citizen of New Jersey and is Trustee and Vice -President of Breakwater.

17. Defendant Alex is a citizen of New York, is an attorney admitted to practice law in the State of New York, and is Director and Chief Operating Officer of Breakwater.

18. Lefkowitz is Trustee, President, and Chief Executive Officer of Breakwater.

19. Edelstein is Trustee and Treasurer of Breakwater.

20. Fisher is Trustee and Secretary of Breakwater.

21. Upon information and belief, each of the Individuals Defendants are members of Growtech.

22. Lefkowitz & Edelstein prepared Breakwater's Business Plan and distributed it to potential investors by email (interstate) or us mail (interstate). The Business Plan provides that all inquiries related to potential investments in Breakwater be made to Lefkowitz & Edelstein and lists Breakwater's address as "c/o Lefkowitz & Edelstein."[2]

## FACTS

23. Between in or around September and November of 2014, Lefkowitz, solicited Plaintiff in order to get her to invest money in the Corporate Defendants. In exchange for her investment in the Corporate Defendants, Lefkowitz promised Plaintiff that she would receive an unspecified equity interest in them.

24. Upon information and belief, Lefkowitz's solicitation of Plaintiff was made with the knowledge, consent and participation of the other Individual Defendants.

25. In conjunction with this solicitation, Lefkowitz provided Plaintiff with a copy of Breakwater's Business Plan (that Lefkowitz & Edelstein had prepared) which provided, in part, that it was "for use by prospective investors in and/or potential strategic business associates of the company."

26. After reviewing the Business Plan and talking with Lefkowitz, Plaintiff agreed to invest the amount of $350,000.00 (the Escrowed Funds) in the Corporate Defendants in exchange for an equity interest in them.

27. However, at the time she was ready to make this investment, Lefkowitz advised Plaintiff that prior to investing the Escrowed Funds in the Corporate Defendants on her behalf, he needed to enlist additional investors in order to meet a minimum investment threshold. Accordingly, he said that the Escrowed Funds would have to be "held in escrow" until such time

[2] A copy of Breakwater's Business Plan is attached hereto as Exhibit "B".

as he would be in a position to purchase for Plaintiff an equity interest and/or shares in the Corporate Defendants.

28. When Lefkowitz stated that Plaintiff's $350,000.00.00 were to be "held in escrow," Plaintiff understood that to mean that the Escrowed Funds would be deposited into, and held in, the law firm escrow account of Lefkowitz & Edelstein because (i) Lefkowitz was a partner in Lefkowitz & Edelstein at that time, and (ii) Lefkowitz & Edelstein had prepared Breakwater's Business Plan (in which its relationship with Growtech is explained) and (iii) the Business Plan lists Breakwater's address as being "c/o Lefkowitz & Edelstein, 444 Madison Avenue, Suite 1805, New York New York 10022."[3]

29. Lefkowitz represented to Plaintiff that he would limit the amount of time the Escrowed Funds were held in escrow to eight (8) months. Lefkowitz further represented to Plaintiff that she would receive interest on her Escrowed Funds at the rate of 8% per annum until such time as the money was invested.[4]

30. With the foregoing understood and agreed to by Plaintiff, on or about November 7, 2014, Plaintiff tendered the Escrowed Funds to Lefkowitz to be held in escrow.

31. Eight months later, the Escrowed Funds still had not been invested in the Corporate Defendants. Moreover, Plaintiff did not receive the promised 8% interest on the Escrowed Funds during this period.

32. Instead, it became clear at that time to Plaintiff that the Escrowed Funds had been taken and had been used for the benefit of one or all of the Defendants without her knowledge or consent.

33. Accordingly, Plaintiff demanded that Lefkowitz & Edelstein return the Escrowed Funds to her.

34. In response, on or around September 3, 2015, Fisher sent Plaintiff an email from his Lefkowitz & Edelstein email address. In that email, Fisher acknowledged that the Escrowed

[3] Lefkowitz & Edelstein has since relocated to 1350 Avenue of the Americas, Fl. 2, New York New York 10019.
[4] See Exhibit "A".

Funds were no longer being held in escrow. Instead, Fisher stated that Plaintiff "has invested in Richard's [Lefkowitz's] interest in Breakwater..." and that the return on Plaintiff's investment would depend on Lefkowitz's return of his own interest in Breakwater. In that email, Fisher reiterated that Plaintiff's "[Escrowed F]unds were invested with Richard [Lefkowitz]" and accordingly, Plaintiff had no equity interest in the Corporate Defendants.

35. Upon information and belief, Fisher had control over, or access to, Lefkowitz & Edelstein's escrow account.

36. Fisher's nonsensical (and unsupported) explanation as to the whereabouts of Plaintiff's Escrowed Funds was merely a means of dissembling the unauthorized withdrawal of the Escrowed Funds from the escrow account.

37. Lefkowitz memorialized the representations made by Fisher in the September 3, 2015 email in a notarized *Agreement of Secured Interest* dated September 9, 2015, in which Lefkowitz promised to repay Plaintiff the Escrowed Funds using income he derived from Breakwater. In the *Agreement of Secured Interest,* Lefkowitz also confirmed that the Escrowed Funds had not been invested in either Breakwater or Growtech on behalf of Plaintiff as he originally promised her he would do.

38. Not being an attorney, Plaintiff believed that the notarized *Agreement of Secured Interest* dated September 9, 2015 was binding on her even though she had not signed it.

39. On or around October 23, 2015, Fisher again emailed Plaintiff attempting to reassure her that she would receive her money back, stating that Lefkowitz & Edelstein's other name partner, Edelstein, would be involved as well in overseeing the return of Plaintiff's Escrowed Funds withdrawn from the firms escrow account.

40. The foregoing evidences the participation of Lefkowitz, Fisher and Edelstein in the mishandling of the Escrowed Funds from Lefkowitz & Edelstein's escrow account.

41. On or around October 27, 2015, Lefkowitz emailed Plaintiff a cryptic message in which he stated "you cannot imagine how horrible I feel for what I have done . . . I am so sorry for all the pain I have caused . . . I can understand if you never want to see me again."

42. At this point, giving up any hope that Lefkowitz or any of the attorneys from Lefkowitz & Edelstein would invest the Escrowed Funds on her behalf in the Corporate Defendants as originally promised, and believing that she had no choice but to deem her investment a "loan" as the attorneys from Lefkowitz & Edelstein were now contending, Plaintiff retained an attorney to protect her interests with respect to that alleged loan.

43. Fisher and Plaintiff's then counsel negotiated the terms of an agreement through which Lefkowitz was to repay Plaintiff the Escrowed Funds in monthly installments of $2,566.66 beginning on February 1, 2016, and then payments of $5,775 per month beginning on February 1, 2017. The agreement was signed by Lefkowitz and Plaintiff on November 20, 2015. Lefkowitz simultaneously executed a promissory note committing him to the foregoing repayment schedule.

44. Upon information and belief, the Escrowed Funds were used for the benefit of one of all Defendants.

45. Alex and Andrew, as managers, directors and/or owners of the Corporate Defendants, benefited directly or indirectly from the misappropriation of Plaintiff's Escrowed Funds.

46. Upon information and belief, the Individual Defendants acted in concert to deprive Plaintiff of her Escrowed Funds.

**AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF THE SECURITIES ACT [15 U.S.C. § 77 l]**
**(against all Defendants)**

47. Plaintiff repeats, reiterates and realleges each and every allegation made above with same force and effect as though more fully set forth at length herein.

48. At all times relevant hereto, Defendants directly or indirectly, individually or in concert, offered to sell Plaintiff securities in the form of a membership interest and/or shares in Corporate Defendants.

49. At all times, Defendants' offer or sell of securities was made absent the applicable registration statements.

50. In connection with their offer to sell Plaintiff the aforesaid securities, Defendants used the telephone, United States mail, email, or other facilities of interstate commerce.

51. Defendants used the Business Plan (Prospectus) prepared by Lefkowitz & Edelstein and oral representations made by Lefkowitz to solicit Plaintiff's investment in the Corporate Defendants.

52. Defendants' offer to sell Plaintiff securities operated as a fraud or deceit upon Plaintiff as Defendants ' never intended for Plaintiff to receive the securities she thought she was paying for when she entrusted the Escrowed Funds to Defendants Lefkowitz and Lefkowitz & Edelstein.

53. By reason of the foregoing, Defendants have violated the Securities Act [15 U.S.C. §77l].

54. Plaintiff has suffered damages due to Defendants' acts and omissions, in the amount of $350,000.00.

55. Plaintiff therefore requests an award of damages against all Defendants, jointly and severally, in the amount of $350,000.00 together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014.

**AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF § 10(b) OF THE EXCHANGE ACT AND RULE 10b-5**
**(against all Defendants)**

56. Plaintiff repeats, reiterates and realleges each and every allegation made above with same force and effect as though more fully set forth at length herein.

57. At all times relevant hereto, Defendants directly or indirectly, individually or in concert, offered to sell Plaintiff securities by use of the means of the telephone, United States mail, email, or other facilities of interstate commerce.

58. In offering to sell Plaintiff securities, Defendants used deceptive or manipulative methods. Specifically, Plaintiff was told that in exchange for the payment of the Escrowed Funds, Plaintiff would receive a membership interest and/or an equity interest in the Corporate Defendants.

59. Defendants knew that the foregoing representation was false and misleading as to a material fact; namely, the fact that Defendants intended to take Plaintiff's money from Lefkowitz & Edelstein's escrow account for the benefit of one or all of them without giving Plaintiff shares and/or a membership interest in the Corporate Defendants in exchange for receiving these Escrowed Funds.

60. There was a connection between Defendants ' misrepresentations and Plaintiff's attempt to purchase an equity interest and/or shares in the Corporate Defendants.

61. The foregoing actions by Defendants constitute a violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

62. Based upon the foregoing acts undertaking in concert by tall Defendants, Plaintiff has suffered damages in the sum of Three Hundred Fifty Thousand ($350,000.00).

63. Plaintiff therefore requests an award of damages against all Defendants, jointly and severally, in the amount of $350,000.00 together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014.

**AS AND FOR A THIRD CAUSE OF ACTION FOR CONVERSION**
**PURSUANT TO NEW YORK COMMON LAW**
**(against Lefkowitz, Fisher, Edelstein)**

64. Plaintiff repeats, reiterates and realleges each and every allegation made above with same force and effect as though more fully set forth at length herein.

65. Plaintiff tendered the Escrowed Funds to Lefkowitz with the understanding that they would be held in the escrow account of the firm of which he was then a partner, Lefkowitz & Edelstein, until such time as Lefkowitz was able to purchase Plaintiff a membership interest and/or shares in the Corporate Defendants using the Escrowed Funds.

66. Since the Escrowed Funds were not used to purchase Plaintiff a membership interest and/or shares in the Corporate Defendants as Lefkowitz had promised, the Escrowed Funds must be refunded to Plaintiff together with the agreed-upon 8% interest thereon.

67. Despite due demand therefore, neither the firm Lefkowitz & Edelstein nor its partners or employees, Lefkowitz, Edelstein and Fisher, have refunded the Escrowed Funds with interest to Plaintiff.

68. The Escrowed Funds are a specific and identifiable fund.

69. At all times relevant hereto, Plaintiff had an immediate superior right of possession to the Escrowed Funds than did Defendants Lefkowitz, Edelstein and Fisher.

70. Defendants Lefkowitz, Edelstein and Fisher exercised an unauthorized dominion and control over the money in question to the exclusion of Plaintiff's rights, *inter alia,* by disbursing the Escrowed Funds to one or more of Defendants without Plaintiff's knowledge or consent and by failing to return the Escrowed Funds to Plaintiff despite due demand therefore.

71. Given the foregoing, Defendants Lefkowitz, Edelstein and Fisher converted the amount of $350,000.00 which remains due and owing to Plaintiff, together with interest thereon at 8% together with statutory interest, from November 7, 2014.

72. Based upon the foregoing conversion, Plaintiff has suffered damages in the sum of Three Hundred Fifty Thousand ($350,000.00) Dollars.

73. Plaintiff therefore requests an award of damages against Defendants Lefkowitz, Edelstein and Fisher, jointly and severally, in the amount of $350,000.00, together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014.

74. The actions set forth above were undertaken by Defendants Lefkowitz, Edelstein and Fisher intentionally, knowingly, maliciously and solely with the intent of causing injury to Plaintiff.

75. Based upon the intentional and malicious acts of Defendants Lefkowitz, Edelstein and Fisher, Plaintiff demands an additional award of punitive damages against these Defendants , jointly and severally, in an amount equal to three (3) times the amount of actual damages, or in

the amount of $1,050,000.00 together with 8% interest thereon plus statutory interest, from November 7, 2014.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR MONEY HAD AND RECEIVED**
**PURSUANT TO NEW YORK COMMON LAW**
**(against all Defendants)**

76. Plaintiff repeats, reiterates and realleges each and every allegation made above with same force and effect as though more fully set forth at length herein.

77. Plaintiff tendered the Escrowed Funds to Lefkowitz with the understanding that they would be held in the escrow account of the firm of which he was then a partner, the law firm of Lefkowitz & Edelstein, until such time as Lefkowitz was able to invest the Escrowed Funds on Plaintiff's behalf in the Corporate Defendants.

78. Instead, the law firm of Lefkowitz & Edelstein withdrew the Escrowed Funds from its escrow account and turned the sum over to one or all of the Defendants.

79. Plaintiff's money, the sum of Three Hundred Fifty Thousand ($350,000.00) Dollars, remains in the control and possession of one or all of the Defendants.

80. Defendants are benefiting from Plaintiff's money, which is currently in their possession or being used by them.

81. Defendants have refused to pay over to Plaintiff the sum of Three Hundred Fifty Thousand ($350,000.00) Dollars, despite Plaintiff's demands that said sum be repaid.

82. Based upon the foregoing, Plaintiff has suffered damages in the sum of Three Hundred Fifty Thousand ($350,000.00) Dollars.

83. Plaintiff therefore requests an award of damages against all Defendants, jointly and severally, in the amount of $350,000.00 together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR UNJUST ENRICHMENT PURSUANT TO NEW YORK COMMON LAW (against all Defendants)**

84. Plaintiff repeats, reiterates and realleges each and every allegation made above with same force and effect as though more fully set forth at length herein.

85. Plaintiff entrusted the Escrowed Funds with the law firm of Lefkowitz & Edelstein with the understanding that the funds would be invested in the Corporate Defendants on Plaintiff's behalf in exchange for an equity interest in the Corporate Defendants.

86. The law firm of Lefkowitz & Edelstein and its partners and/or employees, Defendants Lefkowitz, Edelstein and Fisher, disbursed the Escrowed Funds from their firm escrow account to one or all Defendants without Plaintiff's knowledge or consent.

87. All Defendants have benefited from, and were enriched by, their use, control and retention of Plaintiff's money.

88. Defendants have no claim or right, in law or in equity to retain and benefit from Plaintiff's money.

89. Defendants have been unjustly enriched in the amount of $350,000.00 which remains due and owing to Plaintiff, together with interest thereon from November 7, 2014.

90. Given the foregoing, Plaintiff has suffered damages in the sum of Three Hundred Fifty Thousand ($350,000.00) Dollars.

91. Plaintiff therefore requests an award of damages against all Defendants, jointly and severally, in the amount of $350,000.00 together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTIES PURSUANT TO NEW YORK COMMON LAW (against the Individual Defendants)**

92. Plaintiff repeats, reiterates and realleges each and every allegation made above with same force and effect as though more fully set forth at length herein.

93. The relationship that existed between the Individual Defendants and the Plaintiff, founded upon trust, reliance and confidence on the part of Plaintiff and diligence, honesty, loyalty and good faith on the part of the Individual Defendants, constitutes a fiduciary relationship.

94. As individuals who fostered a relationship of trust and confidence with Plaintiff pursuant to which Plaintiff agreed to invest her money in the Corporate Defendants which entities were owned in whole or in part by the Individual Defendants, the Individual Defendants created a fiduciary relationship with Plaintiff.

95. As managers and/or directors of Growtech and Breakwater, the Individual Defendants owed a duty to act in the Plaintiff's best interests and to exercise all reasonable skill and care with respect to her investment in those entities.

96. Plaintiff reasonably placed her trust, confidence, and reliance in the Individual Defendants who owed Plaintiff a duty to act in her best interest and discharge their obligations to her with honesty, loyalty, and good faith.

97. Individual Defendants breached that fiduciary duty by taking control over the Escrowed Funds, yet failing to give Plaintiff a membership interest in Growtech or shares in Breakwater in return.

98. The Individual Defendants knowingly performed and participated in this breach of fiduciary duty.

99. Individual Defendants engaged in self-dealing and conflicts of interest to their own direct or indirect benefit, and in so acting, caused direct injury to the Plaintiff.

100. As a direct result of Individuals Defendants' conduct, Plaintiff has suffered damages in the amount of $350,000.00.

101. Plaintiff therefore requests an award of damages against the Individual Defendants, jointly and severally, in the amount of $350,000.00 together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR FRAUD**
**PURSUANT TO NEW YORK COMMON LAW**
**(against all Defendants)**

102. Plaintiff repeats, reiterates and realleges each and every allegation made above with same force and effect as though more fully set forth at length herein.

103. At the request of Defendant Lefkowitz, and, upon information and belief, with the knowledge and collusion of the other Individual Defendants, on or about November 7, 2014, Plaintiff tendered the Escrowed Funds to Lefkowitz based on Plaintiff's understanding that they would be held in the escrow account of Lefkowitz & Edelstein until such time as said funds could be invested in the Corporate Defendants.

104. While Lefkowitz took possession of Plaintiff's Escrowed Funds on said date, in reality, neither he nor the other Defendants intended to use the Escrowed Funds for the purpose of Plaintiff's being granted an equity interest and/or shares in the Corporate Defendants.

105. Instead, all Defendants conspired to use the Escrowed Funds for their own purpose, and for their own gain.

106. The representations made by Lefkowitz to Plaintiff in or about September through November of 2014 to induce Plaintiff to entrust the Escrowed Funds with him and/or Lefkowitz & Edelstein, were false and known to be false when made.

107. At the time these representations were made, all Defendants knew they were false, and that they were made solely for the intention of inducing Plaintiff to entrust the Escrowed Funds to Lefkowitz and/or Lefkowitz & Edelstein so that all Defendants could benefit from Plaintiff's Escrowed Funds.

108. Plaintiff justifiably relied on these misrepresentations that she would be given an equity interest and/or shares in the Corporate Defendants if she tendered the Escrowed Funds to Lefkowitz to be held in his firm (Lefkowitz & Edelstein's) escrow account. .

109. Due to Plaintiff's reliance on the misrepresentations of Defendants, Plaintiff, to her own financial detriment and to the financial benefit of Defendants, has suffered damages in the amount of Three Hundred Fifty Thousand ($350,000.00).

110. Plaintiff therefore requests an award of damages against all Defendants, jointly and severally, in the amount of $350,000.00 together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014.

111. The actions set forth above were undertaken intentionally, knowingly, maliciously and solely with the intent of causing injury to the Plaintiff. Based upon the intentional and malicious acts of Defendant, which are against public policy, the Plaintiff demands an award of punitive damages in an amount treble the compensatory damages against all Defendants , jointly and severally, in an amount equal to three (3) times the amount of actual damages, or of $1,050,000.00 together with 8% interest thereon plus statutory interest, from November 7, 2014.

**WHEREFORE**, Plaintiff Tina Blumenthal, demands by her attorneys Isaacs & Associates, PLLC, as and for her complaint against Defendants, as follows:

(a) on the FIRST CAUSE OF ACTION for violation of the Securities Act [ 15 U.S.C. §77l], an award of damages against all Defendants, jointly and severally, in an amount to be proved at trial, but not less than $350,000.000, together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014; and

b) on the SECOND CAUSE OF ACTION for violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], an award of damages against all Defendants, jointly and severally, in an amount to be proved at trial, but not less than $350,000.000, together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014;

(c) on the THIRD CAUSE OF ACTION for conversion, an award of compensatory damages against Defendants Lefkowitz, Fisher and Edelstein jointly and severally, in the amount of $350,000.00, together with 8% interest and statutory interest accruing from November 7, 2014 plus an additional award of punitive damages against these three Defendants, jointly and severally, in an amount equal to three (3) times the amount of actual damages, or in the amount of $1,050,000.00 together with 8% interest thereon plus statutory interest, from November 7, 2014 ;

(d) on the FOURTH CAUSE OF ACTION for money had and received, an award of damages against the Defendants, jointly and severally, in the amount of $350,000.00, together with 8% interest and statutory interest accruing from November 7, 2014;

(e) on the FIFTH CAUSE OF ACTION for unjust enrichment, an award of damages against the Defendants, jointly and severally, in the amount of $350,000.00, together with 8% interest and statutory interest accruing from November 7, 2014;

(f) on the SIXTH CAUSE OF ACTION for breach of fiduciary duty, an award of damages against all Defendants, jointly and severally, in the amount of $350,000.00

together with interest at the rate of 8% per annum together with statutory interest thereon, from November 7, 2014,;

(f) on the SEVENTH CAUSE OF ACTION for fraud, an award of compensatory damages against all Defendants, jointly and severally, in the amount of $350,000.00, together with 8% interest and statutory interest accruing from November 7, 2014 plus an additional award of punitive damages against all Defendants, jointly and severally, in an amount equal to three (3) times the amount of actual damages, or in the amount of $1,050,000.00 together with 8% interest thereon plus statutory interest, from November 7, 2014;

(g) reasonable costs and attorneys' fees; and

(h) such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
April 14, 2016

Isaacs & Associates PLLC

by ____________________
Marc J. Isaacs, Esq. (MI-3153)
Attorneys for Plaintiff
260 Madison Avenue, 17th Floor
New York New York 10016
(212) 751-5444

Of Counsel :

Santamarina & Associates

by ____________________
Gil Santamarina, Esq. (GS-2689)
260 Madison Avenue, 17th Floor
New York New York 10016
(212) 965-1678